UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
A CORP. d/b/a ROOTER MAN                      )
                              Plaintiff        )
                                               )
v.                                             )
                                               )       CIVIL ACTION NO.
ALL AMERICAN PLUMBING, Inc.                    )
                              Defendant        )
_____ )


**<u>VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF,
DAMAGES, AND DEMAND FOR JURY TRIAL</u>**

**INTRODUCTION**

This suit is brought by Plaintiff  A Corp. d/b/a ROOTER MAN ("Plaintiff") in order to

enjoin Defendant All American Plumbing ("Defendant") from its knowing and continuing

conduct in infringing Plaintiff's federal trade/service marks, false designations of origin,

engaging in dilution of Plaintiff's famous federal trade/service marks, interference with

contractual relations, unfair and deceptive business practices, unjust enrichment, all arising from

the Defendant's illegal and unauthorized use of Plaintiff's federally registered  marks of

ROOTER MAN  ROOTER MAN and A ROOTER MAN (collectively "Rooter Man Marks"),

and attempt to stop the Rooter Man franchisee from operating in Arizona.  Plaintiff has recently

discovered that: (1) Defendant uses the Rooter Man Marks in its website at

www.allamericanplumbingandrooter.com promoting its plumbing related services; (2)

Defendant's internet advertisements to promote its plumbing related services provides a website

link which leads to Plaintiff's Rooter Man website; (3) Defendant continued using the Rooter

Man Marks even after A Corp.'s cease and desist demand; and (4) Defendant recently demanded

that Plaintiff's Rooter Man franchisee in Arizona stop operating the business using the Rooter

Man marks.  Defendant's infringing use of the Rooter Man Marks through the internet reaches

global wide including Massachusetts in competition with A Corp. and its Rooter Man franchisees

provide plumbing related services.

## PARTIES

1. Plaintiff is a corporation, duly organized under laws of the Commonwealth of Massachusetts,

   with its principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts

   01862.

2. Upon information and belief, Defendant All American Plumbing, Inc. is a corporation of

   Arizona with its principal business place at 2057 N. 28th Pl. / P.O. Box 2997, Mesa, Arizona

   with its registered agent Terry Lutz, 5801 S. McClintock, #106, Tempe, Arizona.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present dispute under 28 U.S.C. §§

   1338(a) & (b).[1]  In addition, subject matter jurisdiction is satisfied based on diversity

   jurisdiction under 28 U.S.C. § 1332 (a).

4. Defendant established sufficient contact with the Commonwealth of Massachusetts that

   personal jurisdiction over Defendant is appropriate under the Massachusetts Long-arm statute

   and Constitutional Due Process.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS RELEVANT TO ALL COUNTS

6. Plaintiff's predecessor, Rooter Man Corp., started to use the Rooter Man marks to offer

   Rooter Man franchises that provided plumbing, sewer, and drain cleaning services in

   Massachusetts and interstate commerce in or about January of 1981.

---

[1] 28 U.S.C.§ 1338(a) states that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…trademarks;" 28 U.S.C.§ 1338(b) provides that "the district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under…trademark laws."

7.  Plaintiff was incorporated under the name A Corp in March of 1982 as the successor of Rooter Man Corp. and has continuously promoted sales of the ROOTER MAN franchises in the United States and worldwide since 1982.

8.  Through active use of the Rooter Man Marks through the United States and worldwide, the Rooter Man marks have become distinctively identified in the trade with Plaintiff and, in particular, with its growing reputation for plumbing, sewer, and drain cleaning services that its franchisees provide.  To date, Plaintiff has over five hundred (500) franchised Rooter Man units operating in the United States and internationally.

9.  In August of 1988, Plaintiff hired Thomson & Thomson, through its attorney, to fully search for any federally registered name/marks and common law name/marks that are identical or substantially similar to the Rooter Man name/marks.  There is no information from the report indicating any adoption or use of the Rooter Man marks or anything similar by Defendant by August of 1988.

10. To protect its substantial investment in the Rooter Man Marks, Plaintiff applied for federal registration of the marks in 1990 and obtained the registration of the mark A ROOTER MAN on the principal registration of the United States Patent and Trademark Office ("USPTO") on or about August 20, 1991.  (Reg. No. 1,654,512).  In addition, Plaintiff obtained registration of the mark ROOTER MAN on the principal registration of the USPTO on or about September 3, 1991.  (Reg. No. 1,655,782).  *See Exhibit A.*  The marks were specifically registered for cleaning and repairing septic systems and clearing clogged pipes and drains, in class 37 (U.S. CL. 103).

11. On October 12, 2010, A Corp. obtained federal registration of the trademark ROOTER MAN (words only), Reg. No. 3859654.  *See Exhibit B.*

12. Plaintiff has actively taken steps to protect its rights in the Rooter Man Marks.  Whenever Plaintiff has noticed any unlicensed use of the Rooter Man name/marks in the marketplace, Plaintiff has actively sent out cease and desist notifications to the infringers and, on multiple occasions, the infringers who received Plaintiff's cease and desist notifications agreed to cease their unauthorized use of the name/marks.  Additionally, the ROOTER MAN and A ROOTER MAN marks have obtained uncontestable status.  Furthermore, Plaintiff registered a USPTO Pending Application Watch program provided by THOMSON & THOMSON to monitor potential trademark registration conflict.

13. To promote its business and protect its rights in the Rooter Man Marks, Plaintiff used the Rooter Man name to register a domain name rooterman.com with "whoisdotster.com" on or about August 1, 1997, which will expire on July 31, 2016.  Similarly, Plaintiff used the A Rooter Man name to register a domain name arooterman.com with "whoisdotster.com" on or about July 17, 2000, which will expire on July 17, 2015.  Plaintiff has continuously used the above websites to promote its ROOTER MAN franchise sales and related services since the registrations.

14. Upon information and belief, Defendant is in business providing plumbing, sewer, and drain cleaning services.

15. With actual and/or constructive notice of Plaintiff's federal registrations of the Rooter Man Marks, Defendant used "The Rooter Man" mark in connection with their plumbing, sewer, and drain cleaning services in the state of Arizona.

16. Defendant advertise for plumbing, sewer, drain cleaning services, and solicit for customers using "The Rooter Man" mark on its website, which is accessible in Massachusetts and is interactive.

17. Defendant's Internet advertisement through www.yellowpages.com provides a "Website" link which leads to A Corp.'s Rooter Man website at www.rooterman.com.

18. Defendant's intentionally infringing use of Plaintiff's Rooter Man Marks in its website content; local and internet advertisement is likely to cause confusion in the marketplace as to the business relationship between the parties.

19. Defendant's intentionally infringing use of Plaintiff's Rooter Man Marks in its website content; local and internet advertisement caused dilution of the distinctive quality of the Plaintiff's federal marks.

20. Defendant's intentionally infringing use of Plaintiff's Rooter Man Marks associated with its inferior service quality injured Plaintiff's Rooter Man brand reputation in the field.

21. Upon information and belief, Defendant chose to use "The Rooter Man" mark that is confusingly similar, if not identical to Plaintiff's Rooter Man Marks nationwide, after they learned of Plaintiff's rights to the marks, in order to trade off the goodwill associated with Plaintiff's Rooter Man Marks.  Given the level of recognition of Plaintiff's Rooter Man Marks in plumbing, sewer, and drain cleaning markets, it is virtually impossible that Defendant could have used "The Rooter Man" mark that is confusingly similar if not identical to Plaintiffs' Rooter Man Marks nationwide without knowing of the infringement.

22. Plaintiff has made attempts to have Defendant cease and desist from their infringing use of Plaintiff's Rooter Man Marks.  *Attached as Exhibit C is a copy of Plaintiff attorney's letters to Defendant seeking to have them cease and desist their infringing conduct.*

23. Defendant, however, simply ignored Plaintiff's cease and desist demand.

24. On or about August 12, 2014, Defendant sent a letter to Plaintiff demanding that Plaintiff's franchisee discontinue using the Rooter Man marks in Maricopa County of Arizona.

**COUNT I**
**(Federal Trademark Infringement)**

25. Plaintiff repeats and realleges the statements set forth in the preceding paragraphs 1-24.

26. Plaintiff has, at least since 1981, continuously and in good faith used in commerce within the United States and worldwide the Rooter Man Marks to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

27. Plaintiff owns the U.S. trade/service mark registration covering the above marks for uses in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services. The registered marks are valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Rooter Man Marks registrations, Plaintiff's ownership of such marks, and Plaintiff's exclusive right to use, without condition or limitation, the marks in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

28. Upon information and belief, Defendant first used the term Rooter Man long after Plaintiff's federal registrations of the Rooter Man marks.

29. Defendant refused to stop using "The Rooter Man" mark that is confusingly similar to Plaintiff's Rooter Marks after they received Plaintiff's cease and desist demand.

30. The services offered by Defendant on its website are identical or substantially similar to the services provided by Plaintiff's Rooter Man franchisees and are through the same channels of distribution to the same type of customers.

31. Defendant's subsequent and intentional use in the interstate commerce of "The Rooter Man" mark in connection with sale, offering for sale, distribution and advertising of plumbing, sewer and drain cleaning services without Plaintiff's consent constituted counterfeit copy and

colorable imitation of Plaintiff's registered Rooter Man Marks as used in connection with

plumbing, sewer, and drain cleaning services.  By such use, Defendant is likely to cause

confusion, or to cause mistake, or to deceive, all constituting willful trademark infringement

in violation of section 32 of the Lanham Act, 15 U.S.C. §1114.

32. Defendant's internet advertisement at www.yellowpages.com as the Rooter Man provides a

website link leading to Plaintiff's Rooter Man website at www.rooterman.com.

33. As a result of Defendant's infringing conduct, Plaintiff suffered and is continuing to suffer

from, irreparable injury, such as, without limitation, loss of potential business, capacity to

compete in the marketplace, goodwill and reputation in the field.

34. Given the fact that Defendant intentionally infringed Plaintiff's Rooter Man Marks, Plaintiff

is entitled to actual damages, Defendant's profits, plus costs, all subject to multiple damages

together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other

applicable laws.

35. Given the willful nature of Defendant's infringement, Plaintiff is entitled to statutory

damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C.

§ 1117 (c).

WHEREFORE, Plaintiff demands judgment in its favor on Count I of this Complaint

together with interest, costs, and attorney fees.

### COUNT II
### (False Designations of Origin, False Descriptions)

36. Plaintiff repeats and realleges the statements set forth in the preceding paragraphs 1-35.

37. Defendant's subsequent and intentional use of "The Rooter Man" mark that is confusingly

similar if not identical to Plaintiff's Rooter Man Marks nationwide was without consent,

permission, license or any other form of authorization of Plaintiff, which, to their

constructive knowledge if not actual, is likely to cause confusion as to any business relationship or affiliation between Defendant and Plaintiff.

38. Defendant's internet advertisement at www.yellowpages.com as Rooter Man provides a website link leading to Plaintiff's Rooter Man website at www.rooterman.com.

39. Defendant's continuous infringing use of "The Rooter Man" mark that is confusingly similar if not identical to Plaintiff's Rooter Man Marks nationwide subsequent to receipt of Plaintiff's cease and desist demand is willful and is likely to continue causing confusion as to the business relationship or affiliation between the parties.

40. As a result of Defendant's violation of Plaintiff's rights to the Rooter Man Marks, Plaintiff suffered from damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable.  To date and despite ample warning, Defendant refused to cease in the unauthorized and unlawful use of the Plaintiff's marks.

41. Defendant's unauthorized use of the Rooter Man Marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of Plaintiff's exclusive right to use the terms of the Rooter Man Marks.

42. Given the willful nature of Defendant's infringement, Plaintiff is entitled to actual damages, Defendant's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

43. Given the willful nature of Defendant's infringement, Plaintiff is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, Plaintiff demands judgment in its favor on Count II of this Complaint together with interest, costs, and attorney fees.

## COUNT III
### (Injury to Business Reputation and Trade/Service Mark --Dilution)

44. Plaintiff repeats and realleges the statements set forth in the preceding paragraphs 1-43.

45. Plaintiff has at least since 1981 continuously and in good faith used the Rooter Man marks in the interstate commerce in the United States and worldwide in connection with offers of Rooter Man franchises that provide plumbing, sewer and drain cleaning services.  As a consequence of the use of such marks, the marks have become distinctive in the minds of the field, business community, and the public of the reputation of Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

46. Defendant's subsequence and intentional use of "The Rooter Man" that is confusingly similar if not identical to Plaintiff's Rooter Man Marks in its website and online advertisement in connection of sale of plumbing, sewer and drain cleaning services is commercial in nature and is used in the interstate commerce without Plaintiff's consent or license.

47. There are complaints by Defendant's customer of its inferior quality of services.

48. Defendant's internet advertisement at www.yellowpages.com as Rooter Man provides a website link leading to Plaintiff's Rooter Man website at www.rooterman.com.

49. Defendant's above conduct diluted the distinctive quality of the Plaintiff's federal trade/service marks, which caused and is continuing to cause Plaintiff to suffer irreparable damages as to the value of the marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Defendant are in some associated, endorsed, or affiliated relationship with Plaintiff.

50. Defendant's subsequent and intentional use of "The Rooter Man" that is confusingly similar if not identical to Plaintiff's Rooter Man Marks constituted willful violation of 15 U.S.C. § 1125(c).

51. Given the fact that Defendant intentionally infringed Plaintiff's Rooter Man marks, Plaintiff is entitled to actual damages, Defendant's profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

52. Given the willful nature of Defendant's infringing conduct, Plaintiff is entitled to statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, Plaintiff demands judgment in its favor on Count III of this Complaint together with interest, costs, and attorney fees.

## COUNT IV
### (Interference With Contractual Relation)

53. Plaintiff repeats and realleges the statements set forth in the preceding paragraphs 1-52.

54. Plaintiff has a franchise agreement with a franchisee in Arizona licensing the franchisee to use the Rooter Man marks in operating a Rooter Man franchise.

55. Defendant knew of the franchise agreement between A Corp. and its Arizona franchisee.

56. Defendant sent a letter to Plaintiff demanding that Plaintiff's Rooter Man franchisee in Arizona stop using the Rooter Man mark in an attempt to disrupt the performance of the franchise agreement based on unsupported allegation of its prior use.

57. Defendant's above conduct prevented performance or made performance more difficult and has constituted interference with the contractual relation between A Corp. and its Arizona franchisee.

58. Defendant's above conduct caused damages to A Corp. to be determined at trial.

WHEREFORE, Plaintiff demands judgment in its favor on Count III of this Complaint together with interest, costs, and attorney fees.

## COUNT V
### (Unfair Competition -- Unfair and Deceptive Business Practices)

59. Plaintiff repeats and realleges the statements set forth in the preceding paragraphs 1-58.

60. Plaintiff has at least since 1981 continuously and in good faith used the Rooter Man marks in the interstate commerce in the United States and worldwide in connection with offers of Rooter Man franchises that provide plumbing, sewer and drain cleaning services.

61. With actual knowledge of the prior use and registration of Plaintiff's Rooter Man marks, Defendant advertised on its website at www.allamericanplumbingandrooter.com using "The Rooter Man" mark that is confusingly similar if not identical to Plaintiff's Rooter Man Marks.

62. Defendant's conduct is likely to cause confusion and mistaken belief that Defendant are associated with Plaintiff and/or that Defendant's business is supported by Plaintiff, which caused Plaintiff to have suffered irreparable damages including, without limitation, damages to the value of its federal marks, potential loss of business, injury to its goodwill, and reputation in the field.

63. Defendant's internet advertisement at www.yellowpages.com as Rooter Man provides a website link leading to Plaintiff's Rooter Man website at www.rooterman.com.

64. Defendant demanded that A Corp.'s Rooter Man franchisee stop using the Rooter Man marks which interfere the contractual relation between Plaintiff and its franchisee.

65. Defendant's above conduct constituted unfair and deceptive business practices and utilization of unfair methods of competition and caused damages to Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment in its favor on Count IV of this Complaint together with interest, costs, and attorney fees.

## COUNT V
### (Unjust Enrichment)

66. Plaintiff repeats and realleges the statements set forth in the preceding paragraphs 1-66.

67. Plaintiff has at least since 1981 continuously and in good faith used the Rooter Man marks in the interstate commerce in the United States and worldwide in connection with offers of Rooter Man franchises that provide plumbing, sewer and drain cleaning services.  Further, Plaintiff duly registered the Rooter Man marks with the USPTO to protect its investment in the creation and development of the marks.

68. Plaintiff has invested considerable amount of money to promote the sales of Rooter Man franchises and related services, using the Rooter Man marks, in the United State and worldwide and in developing its goodwill in the use of the marks, where Plaintiff has build a substantial business by doing so.

69. To date, Plaintiff's Rooter Man franchise and related services are well known in the United States and it has over four hundred (400) Rooter Man franchise units operating in the United States and overseas.

70. Defendant's subsequent and intentional use of "The Rooter Man" mark that is confusingly similar if not identical to Plaintiff's Rooter Man Marks was without having incurred significant expense or efforts in developing or marketing the marks.

71.  Defendant has unjustly enriched themselves by infringing Plaintiff's marks in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment in its favor on Count V of this Complaint together with interest, costs, and attorney fees.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable Court:

1. Temporarily restrain, preliminarily and permanently enjoin Defendant, and their agents, representatives, and assigns from infringing Plaintiff's trademarks by using "The Rooter Man" mark to advertise or otherwise.

2. Order the Defendant to be required to account for all gains, profits and advantages derived by Defendant by their infringement of Plaintiff's trademarks, their unfair and deceptive business practices, their unfair competition, and their unjust enrichment.

3. Order that Defendant shall refrain from any further interference with the contract between Plaintiff and its Rooter Man franchisees.

4. Enter judgment for Plaintiff and against Defendant on all counts.

5. Award Plaintiff its actual, statutory, or any other damages on all counts in amounts to be determined.

6. Award Plaintiff multiple damages provided by applicable statutes.

7. Award Plaintiff reasonable attorney fees authorized by applicable statutes.

8. Award Plaintiff such other relief as the Court may deem just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE

**VERIFICATION**

I, Donald MacDonald, acting as President and CEO on behalf of A Corp d/b/a ROOTER-MAN, hereby verify that the facts contained in the aforementioned Complaint are true and accurate to the best of my knowledge and belief.  Signed under the pains and penalties of perjury this 28th day of August, 2014.


/s/ Donald MacDonald
Donald MacDonald
President & CEO
A Corp d/b/a ROOTER MAN




Respectfully Submitted
A Corp d/b/a ROOTER MAN
By its attorneys,


/s/ Juan Liu_____
Juan (Jenny) Liu, BBO# 655921
A Corp.
P.O. Box 290
N. Billerica, MA 01862
Tel: (978) 670-0718


Date: August 28, 2014

14

# EXHIBIT     A

# The United States of America



Nº 1654512

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twentieth day of August 1991.



*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks

Mark:      A ROOTERMAN TO THE RESCUE (AND DESIGN)
Reg. No.:    1,654,512
Date of Reg.: August 20, 1991

<u>TO THE ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
COMBINED DECLARATION OF USE
AND INCONTESTABILITY UNDER SECTIONS 8 & 15
OF THE TRADEMARK ACT OF 1946, AS AMENDED</u>

A Corp.
A Massachusetts Corporation
268 Rangeway Road
North Billerica, MA  01862

The mark shown in Registration No. 1,654,512, owned by the above-identified registrant, has been in continuous use in interstate commerce for five consecutive years from the date of registration, on or in connection with the goods identified in the registration, as evidenced by the attached specimen showing the mark as currently used.  There has been no final decision adverse to registrant's claim of ownership of such mark for such goods or to registrant's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.

Registrant hereby appoints Charles E. Weinstein, Esq., Susan Barbieri Montgomery, Esq., Thomas M.S. Hemnes, Esq., Charles H. Cella, Esq., Laurie M. McTeague, Esq. and T. Maria Lam, Esq. of Foley, Hoag & Eliot LLP, One Post Office Square, Boston, Massachusetts 02109, (617) 832-1000, members of the bar of The Commonwealth of Massachusetts, its attorneys to handle all matters in connection with this Declaration.

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,654,512
Registered Aug. 20, 1991

## SERVICE MARK
### PRINCIPAL REGISTER



A CORP. (MASSACHUSETTS CORPORATION)
268 RANGEWAY ROAD
NORTH BILLERICA, MA 10862

FOR: CLEANING AND REPAIRING SEPTIC SYSTEMS AND CLEARING CLOGGED PIPES AND DRAINS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-11-1981; IN COMMERCE 1-11-1981.

SER. NO. 74-080,639, FILED 7-23-1990.

MICHAEL LEVY, EXAMINING ATTORNEY

# The United States of America



Nº 1655782

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this third day of September 1991.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks



Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**    Reg. No. 1,655,782
Registered Sep. 3, 1991

## SERVICE MARK
### PRINCIPAL REGISTER



A CORP. (MASSACHUSETTS CORPORATION)
263 RANGEWAY ROAD
NORTH BILLERICA, MA 01862

FOR: CLEANING AND REPAIRING SEPTIC SYSTEMS AND CLEARING CLOGGED PIPES AND DRAINS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-11-1981; IN COMMERCE 6-12-1981.
THE LINING IS A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

SER. NO. 74-103,556, FILED 10-5-1990.

MICHAEL LEVY, EXAMINING ATTORNEY

# EXHIBIT    B

# United States of America
## United States Patent and Trademark Office

**ROOTER-MAN**

**Reg. No. 3,859,654**

**Registered Oct. 12, 2010**

A CORP. (MASSACHUSETTS CORPORATION), DBA ROOTER MAN
268 RANGEWAY ROAD
NORTH BILLERICA, MA 01862

**Int. Cl.: 37**

FOR: DRAIN AND SEWER CLEANING AND ROOTERING SERVICES; DRAIN CLEANING SERVICES; PLUMBING CONTRACTOR SERVICES; PLUMBING SERVICES; SEPTIC TANK CLEANING; SEPTIC TANK PUMPING AND CLEANING, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIRST USE 2-22-1978; IN COMMERCE 6-12-1981.

OWNER OF U.S. REG. NOS. 1,654,512, 1,655,782, AND 2,433,386.

THE COLOR(S) RED, WHITE, AND BLUE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ROOTER", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDING "ROOTER MAN" IN STYLIZED AND UPPER-CASE LETTERS AS DEMONSTRATED IN THE SAMPLE. THE LETTERS IN THE WORD "ROOTER" ARE IN SOLID RED. THE LETTERS IN WORD "MAN" ARE BLUE LINED AROUND THE WHITE LETTERS. THE TWO WORDS ARE CONNECTED BY A BLUE DOT.

SER. NO. 77-923,448, FILED 1-29-2010.

MARC LEIPZIG, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# EXHIBIT    C

# Jenny J. Liu's Law Office
*Attorney & Counsellor at Law*
*www.Jennyliulaw.com*

17 Judith Rd
Chelmsford, MA 01824

P.O. Box 290
Billerica, MA 01862

Tele: (978) 670-0718
Fax: (978) 663-0061
lj@jennyliulaw.com

Date:   February 1, 2013

By Electronic Mail and First Class Mail
allamrooterman@cox.net

All American and Plumbing
2057 N. 28th Pl
Mesa, AZ 85213

    **RE:**   **ROOTER-MAN Trademark infringement**
            **Infringing website: http://www.allamericanplumbingandrooter.com/**
            **Cease and Desist Demand**

Dear Sir or Madam:

    Please be advised that this office represents A Corp d/b/a ROOTER MAN ("A Corp."), a Massachusetts corporation in matters arising out of your unauthorized use of A Corp.'s federally registered of ROOTER MAN trademark. It was recently brought to my attention that you used the ROOTER MAN mark on your website at **http://www.allamericanplumbingandrooter.com/** and Facebook soliciting plumbing and sewer related services. The phrases "Rooter Man" on your website is confusingly similar, if not identical, to A Corp.'s ROOTER MAN trademark. Your uses of the ROOTER MAN mark were without any consent or authorization of A Corp.

    A Corp. is the owner of multiple ROOTER MAN trademarks, including without limitation: (1) ROOTER MAN (words), Reg. No. 3,859,654; (2) ROOTER MAN (and design) Reg. No. 1,655,782; and (3) A ROOTER MAN (and design) Reg. No. 1,654,512. The Rooter Man concept using the ROOTER MAN name/mark has been actively franchised nationwide since 1981. To date, there are approximately 445 Rooter Man units operating in the U.S. Further, A Corp. has actively promoted its Rooter Man franchises through the internet. *See i.e., www.rooterman.com and www.rootermanfranchise.com.*

    This letter concerns your subsequently unauthorized use of the ROOTER MAN mark, without any authorization from A Corp in an apparent attempt to unlawfully divert the business from A Corp and pass off ROOTER MAN goodwill. You used the ROOTER MAN mark soliciting plumbing and drain cleaning services, in competition with the services that the ROOTER MAN franchisees provide nationwide. Based on the information and belief, you are providing the plumbing related services using the ROOTER MAN mark in areas where A Corp.'s ROOTER MAN franchises operate.

    As such, your unauthorized use of the ROOTER MAN mark is likely to cause confusion as to the business relationship between you and A Corp. as well as the ROOTER MAN

Case 1:14-cv-13521-PWZ Document 1 Filed 09/26/14 Page 26 of 35

franchisees, which constituted infringement in violation of Lanham Act §43(a), 15 U.S.C. §1114(1) & §1125(a). Your conduct unfairly diverts revenue from A Corp. and /or its ROOTER MAN franchisees, which unlawfully dilutes the goodwill associated with A Corp.'s ROOTER MAN mark which A Corp. and its franchisees have spent over 30 years of efforts and investment to establish. Such violation subjects you to liabilities for the penalties afforded by Lanham Act, 15 U.S.C. §1117, including without limitation injunctive relief and monetary damages. Your infringement of the ROOTER MAN mark and its false designation of affiliation with A Corp.'s Rooter Man franchise injured A Corp, including without limitation business revenue and their outstanding reputation in this field.

Accordingly, we must and do hereby demand that, upon receipt of this letter, you immediately cease and desist the unauthorized registration and/or use of domains containing "rooterman" and/or the variants in any manner whatsoever, directly or indirectly. Particularly, we demand that you, upon receipt of this letter:

(1) remove any such reference of Rooter Man from your websites;
(2) stop offering plumbing and sewer related services using the Rooter Man mark;
(3) remove all reference of Rooter Man mark and/or its variances from your internet advertisements or listings and your web page titles; and
(4) stop using the Rooter Man mark on the Facebook.

This is crucial importance to my client. We must ask that within **20** days from the date of this letter, you give us your written notice that you have complied with all above requests made by A Corp. and discontinued and will hereafter permanently refrain from any use, advertisement, promotion, sale and distribution of the Rooter Man mark and logo and/or anything similar to it. This letter serves to formally put you on notice of your infringing conducts. Your timely compliance with our requests is critical to resolve this matter without serious legal consequences. A Corp. will be forced to take necessary legal action seeking relieves including without limitation injunction order, monetary damages if you fail to honor the requests that we have made above. Any future use of the ROOTER MAN will be deemed willful which entitles A Corp. to reasonable attorney's fees and costs to enforce its trademark rights.

I attach hereto copies of registrations of the Rooter Man trademarks, printout of your infringing website and the Facebook record showing your infringement of the Rooter Man trademark. This letter serves to seek amicable solution and nothing contained herein shall constitute a waiver of any rights, all of which are expressly reserved. Please do not hesitate to contact me if you have any question.

Very truly yours,

Jenny Liu, Esq.

Enc.
Cc:    A Corp.

 **AND** 

- Home
- Contact Us
- Plumbing Services
- Drain Services



## All the Benefits

- We charge by the job, not by the hour... and that saves you money!
- 100% Satisfaction Guaranteed!
- No Overtime or Weekend Charges!
- No Hidden Fees!
- Free On-Site Estimates!

**There's no time like now to give us a call! You won't be disappointed in our service!**

| | |
|---|---|
| **Phoenix** | **(602) 942-2298** |
| **West Valley** | **(623) 846-6327** |
| **East Valley** | **(480) 832-6012** |
| **Fax** | **(480) 924-8915** |
| **E-mail** | **allamrooterman@cox.net** |

Case 1:14-cv-13521-RWZ　Document 1　Filed 09/29/14　Page 28 of 35

 AND 

- Home
- Contact Us
- Plumbing Services
- Drain Services



## All the Benefits

- We charge by the job, not by the hour... and that saves you money!
- 100% Satisfaction Guaranteed!
- No Overtime or Weekend Charges!
- No Hidden Fees!
- Free On-Site Estimates!



**All-American Plumbing and Rooter Man, a real family business.**

As owners of the company, Bill and Bob don't just sit in the office answering the phones. They are both out in their vans working in the field! How often do

# United States of America

## United States Patent and Trademark Office

## ROOTER·MAN

**Reg. No. 3,859,654**

**Registered Oct. 12, 2010**

A CORP. (MASSACHUSETTS CORPORATION), DBA ROOTER MAN
268 RANGEWAY ROAD
NORTH BILLERICA, MA 01862

**Int. Cl.: 37**

**SERVICE MARK**

**PRINCIPAL REGISTER**

FOR: DRAIN AND SEWER CLEANING AND ROOTERING SERVICES; DRAIN CLEANING SERVICES; PLUMBING CONTRACTOR SERVICES; PLUMBING SERVICES; SEPTIC TANK CLEANING; SEPTIC TANK PUMPING AND CLEANING, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 2-22-1978; IN COMMERCE 6-12-1981.

OWNER OF U.S. REG. NOS. 1,654,512, 1,655,782, AND 2,433,386.

THE COLOR(S) RED, WHITE, AND BLUE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ROOTER", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE WORDING "ROOTER MAN" IN STYLIZED AND UPPER-CASE LETTERS AS DEMONSTRATED IN THE SAMPLE. THE LETTERS IN THE WORD "ROOTER" ARE IN SOLID RED. THE LETTERS IN WORD "MAN" ARE BLUE LINED AROUND THE WHITE LETTERS. THE TWO WORDS ARE CONNECTED BY A BLUE DOT.

SER. NO. 77-923,448, FILED 1-29-2010.

MARC LEIPZIG, EXAMINING ATTORNEY



*Daniel J. Kappos*

Director of the United States Patent and Trademark Office

> ## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION
>
> ## WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
*See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# The United States of America



№ 1654512

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twentieth day of August 1991.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks

Mark:     A ROOTERMAN TO THE RESCUE (AND DESIGN)
Reg. No.:   1,654,512
Date of Reg.: August 20, 1991

<u>TO THE ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
COMBINED DECLARATION OF USE
AND INCONTESTABILITY UNDER SECTIONS 8 & 15
OF THE TRADEMARK ACT OF 1946, AS AMENDED</u>

A Corp.
A Massachusetts Corporation
268 Rangeway Road
North Billerica, MA 01862

The mark shown in Registration No. 1,654,512, owned by the above-identified registrant, has been in continuous use in interstate commerce for five consecutive years from the date of registration, on or in connection with the goods identified in the registration, as evidenced by the attached specimen showing the mark as currently used. There has been no final decision adverse to registrant's claim of ownership of such mark for such goods or to registrant's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.

Registrant hereby appoints Charles E. Weinstein, Esq., Susan Barbieri Montgomery, Esq., Thomas M.S. Hemnes, Esq., Charles H. Cella, Esq., Laurie M. McTeague, Esq. and T. Maria Lam, Esq. of Foley, Hoag & Eliot LLP, One Post Office Square, Boston, Massachusetts 02109, (617) 832-1000, members of the bar of The Commonwealth of Massachusetts, its attorneys to handle all matters in connection with this Declaration.

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,654,512
Registered Aug. 20, 1991

## SERVICE MARK
### PRINCIPAL REGISTER



A CORP. (MASSACHUSETTS CORPORATION)
268 RANGEWAY ROAD
NORTH BILLERICA, MA 10862

FOR: CLEANING AND REPAIRING SEPTIC SYSTEMS AND CLEARING CLOGGED PIPES AND DRAINS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-11-1981; IN COMMERCE 1-11-1981.

SER. NO. 74-080,639, FILED 7-23-1990.

MICHAEL LEVY, EXAMINING ATTORNEY

# The United States of America



## N⁰ 1655782

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this third day of September 1991.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks



Int. Cl.: 37

Prior U.S. Cl.: 103

## United States Patent and Trademark Office

**Reg. No. 1,655,782**

Registered Sep. 3, 1991

## SERVICE MARK
### PRINCIPAL REGISTER



A CORP. (MASSACHUSETTS CORPORATION)
263 RANGEWAY ROAD
NORTH BILLERICA, MA 01862

FOR: CLEANING AND REPAIRING SEPTIC SYSTEMS AND CLEARING CLOGGED PIPES AND DRAINS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-11-1981; IN COMMERCE 6-12-1981.
THE LINING IS A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

SER. NO. 74-103,556, FILED 10-5-1990.

MICHAEL LEVY, EXAMINING ATTORNEY